IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| **Maria Paz Aquino** <br> 14300 Poplar Hill Road <br> Germantown, MD 20874 <br><br> Plaintiff <br><br> v. <br><br> **Home Depot U.S.A., Inc.** <br> 2455 Paces Ferry Road <br> Atlanta, Georgia 30339 <br><br> <u>Resident agent:</u> <br> CSC-Lawyers Incorporating <br>    Service Company <br> 7 St. Paul Street, Suite 820 <br> Baltimore, MD 21202 <br><br> **The Home Depot, Inc.** <br> 2455 Paces Ferry Road <br> Atlanta, Georgia 30339 <br><br> Defendants | Case No.: V443776 <br><br> **RECEIVED** <br> MAR 02 2018 <br> Clerk of the Circuit Court <br> Montgomery County, Md. |

### PLAINTIFF MARIA P. AQUINO'S
### PREMISE LIABILITY COMPLAINT

Plaintiff Maria P. Aquino by and through her attorney, Stewart A. Sutton, hereby sues Defendants Home Depot, U.S.A., Inc., and The Home Depot, Inc., and states the following:

1

## COUNT I:
## NEGLIGENCE
(against all Defendants)

1. Plaintiff Maria P. Aquino is a resident of Montgomery County, Maryland.

2. Defendant Home Depot U.S.A., Inc., is a foreign corporation that is registered to conduct business in Maryland.

3. Defendant The Home Depot, Inc., is a foreign corporation that is registered to conduct business in Maryland.

4. Defendants own, operate, and/or manage home improvement retail stores throughout Maryland, including a retail store/warehouse located at 15740 Shady Grove Road in Gaithersburg, Maryland 20877.

5. On the afternoon of April 19, 2015, Plaintiff Aquino and her sister went to the Home Depot store at 15740 Shady Grove Road in Gaithersburg, Maryland 20877.

6. The subject Home Depot store is opened to the general public, and Plaintiff Aquino's intent was to shop for items at the subject store.

7. Plaintiff Aquino attempted to enter the store through its garden center entrance.

8. There were displays of plants on either side of the entrance on shelves and/or pallets.

9. Unbeknownst to Plaintiff Aquino, there was a taut twine, which emanated from a loading cart, that ran across the garden center entrance. The taut twine was a few inches above the ground.

10. Several employees of Home Depot were or had been assisting a customer load and secure an item to the customer's vehicle with twine from the loading cart.

2

11. In unspooling the twine from the loading cart, the Home Depot employees did not use reasonable care to make sure that the string did not pose a hazard to customers entering or exiting the garden center entrance.

12. As a result of the employees' failure to use reasonable care in the unspooling of the twine from the loading cart, the string became caught in the outdoor displays of plants on both sides of the garden center entrance.

13. The employees were acting in the course and scope of their employment when they unspooled the twine from the loading cart, which became caught in the outdoors displays on both sides of the garden center entrance.

14. No employee of the store warned Plaintiff Aquino of the hazardous taut twine that ran across the garden center entrance.

15. Plaintiff Aquino was unaware of this dangerous condition. She could not have discovered this dangerous condition by exercising ordinary care. Nor did she expect to encounter such a hazard in entering Defendants' retail establishment.

16. Plaintiff Aquino's right foot tripped over the taut twine. She fell and the right side of her face hit the ground, resulting in a black eye, broken glasses, and lacerations above and below her eye. Her right wrist then broke her fell, resulting in a severe sprain and causing her palm to become bruised and swollen. Her right knee then hit the ground, resulting in immediate lacerations and/or bruises.

17. Plaintiff Aquino suffered a serious and permanent personal injury as a result of tripping on the taut twine and falling to the grounds.

18. The Defendants as the owners, operators, and/or managers of the subject Home Depot store and its employees had a duty to use reasonable and ordinary care to maintain the retail premises in a safe condition for customers and to protect

Plaintiff Aquino against injury from a dangerous condition, which she, by exercising ordinary care, could not discover.

19. Defendants are vicariously liable for the negligent acts and omissions of their employees made in the course and scope of their employment.

20. The Defendants breached the duty of care they owed to Plaintiff Aquino by failing to correct this dangerous condition and/or by failing to warn her about this dangerous condition.

21. As a result of Defendants' negligence, Plaintiff Aquino has suffered and will continue to suffer, severe physical injuries and pain and suffering, has and will continue to incur healthcare expenses, and has and will continue to lose wages.

**WHEREFORE**, Plaintiff Maria P. Aquino demands judgment against Defendants Home Depot, U.S.A., Inc., and Home Depot, Inc., individually and jointly, for compensatory damages as follows:

### COUNT I: Negligence (premise liability)

1. Non-Economic damages in an amount that exceeds $30,000;
2. Economic damages in an amount that exceeds $30,000;
3. The costs of prosecuting this action;
4. Attorney's fees;
5. Pre-judgment interest; and
6. Such other further relief as the Court deems appropriate

Dated: March 1, 2018

_____
Stewart A. Sutton
Attorney for Plaintiff Aquino
8 Executive Park Court
Germantown, MD   20874
Tel.: (301) 916-5000
Fax: (301) 916-1201
ssuttonesq@aol.com

## DEMAND FOR JURY TRIAL

Pursuant to Maryland Rule 2-325, Plaintiff Maria P. Aquino demands a jury trial.

Dated: March 1, 2018

_____
Stewart A. Sutton
Attorney for Plaintiff Aquino
8 Executive Park Court
Germantown, MD   20874
Tel.: (301) 916-5000
Fax: (301) 916-1201
ssuttonesq@aol.com